Donald F. APPOLONI, Sr., Russell C. Bergemann, and Sandra Engel, individually and as representatives of all similarly-situated individuals, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 5:02–CV–176.

United States District Court,
W.D. Michigan,
Southern Division.

Oct. 16, 2003.

**MEMORANDUM ORDER**

Suzanne Krumholz Clark, Amberg, Firestone & Lee, P.C., Southfield, MI, James Daniel Ponscheck, Michigan Education Association, E. Lansing, MI, for plaintiffs.

Thomas P. Cole, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

QUIST, District Judge.

The Court has before it the Government's motion to alter or amend the class definition set forth in the Court's June 18, 2003, Order granting Plaintiffs' motion for class certification. The June 18, 2003, Order set forth the following class definition:

> all retired public school, college, community college, and university employees residing in the Western District of Michigan who: (1) had Federal Insurance Contributions Act taxes withheld on payments received in exchange for their property rights of tenure and/or just cause contract rights in connection with early retirement programs; (2) filed claims for refunds with the Internal Revenue Service; and (3) had their claims denied on or after November 21, 2000.

The Government contends that this definition is defective because it might encompass claims over which this Court lacks jurisdiction. As examples, the Government suggests that the definition would cover: (1) a plaintiff whose claim for refund was denied after the suit was brought, even if the claim was pending less than six months at the time this suit was filed; and (2) a plaintiff who had received and paid FICA tax on an early retirement package twenty years ago if the teacher filed a claim for refund in 2001 or later. The Government also contends that the class definition could potentially exclude persons who filed a claim for refund but who never had their claim acted upon by the IRS, even though suit is authorized after a claim has been pending for at least six months.

To comply with the jurisdictional requirements of 26 U.S.C. §§ 6532 and 6511 and the venue requirements of 28 U.S.C. § 1402, the Government proposes that the Court adopt the following definition:

> all individuals: a) formerly employed by public school districts in Michigan or public colleges, universities, or community colleges in Michigan; b) residing in the Western District of Michigan on November 21, 2002; c) who received from their former employer a payment pursuant to an Early Retirement Incentive Plan or comparable

plan (collectively, the "buy-out payments"); d) who applied to the Internal Revenue Service for a refund of the portion of any payment to the IRS made within two years of the filing of the claim for refund that constituted a payment of taxes under the Federal Insurance Contribution Act upon the buy-out payments on the grounds that the buy-out plan payment was in exchange for a property right or the right to continued employment absent just cause; and e) whose claim for refund had been refused no more than two years prior to November 21, 2002, or had been pending without any action taken by the IRS for six months as of November 21, 2002.

(Def.'s Br. Supp. at 4.) Plaintiffs agree that the class definition should be revised to accurately reflect the venue and jurisdictional requirements in a tax refund claim, but assert that the Government's revisions are too broad and that only slight modifications are necessary. Plaintiffs propose the following class definition:

All retired public school, college, community college and university employees residing in the Western District of Michigan who: (a) had Federal Insurance Contributions Act taxes withheld on payments received in exchange for their property rights of tenure and/or just cause contract rights in connection with early retirement programs, (b) filed claims for refunds with the Internal Revenue Service within 3 years from the time the return was filed, and (c) had their claims denied on or after November 21, 2000 or has filed a claim for a refund 6 months prior to November 21, 2002.

(Pls.' Resp. Br. at 2–3.)

The first two prongs of the Government's proposed definition do not contain significant changes from the Court's definition, except that prong (b) states that class members must have resided in this district on November 21, 2002—the day the instant suit was filed. The Government contends that this revision is necessary because the applicable venue provision, 28 U.S.C. § 1402, refers to the plaintiff's residence at the time the lawsuit is filed. Based upon its review of § 1402, the Court agrees with the Govern-

ment's interpretation and, therefore, concludes that residency in this district on the date suit was filed is an appropriate limitation.

The Government states that prong (c) modifies the Court's definition because that definition assumes that any payment received in connection with an early retirement plan is a payment received in exchange for a property right. In addition, the Government contends that under the present class definition, class members would only be bound by the decision if they win the case, because if they lose it presumably would be because the payments they received were not in exchange for property rights. Plaintiffs contend that the current definition is proper with regard to this issue, because it is well-established that public school employees and college, community college, and university employees in Michigan have a property right in their tenure or just cause rights. While Plaintiffs may be correct that their tenure and just cause rights are property rights, this is a legal issue which the Court can determine, if necessary, at a later stage in the case. Thus, while the Government may ultimately concede that Plaintiffs' tenure and just cause rights are property rights, the Court finds that the Government's current definition adequately describes the payments received by the prospective class members without also making a premature legal determination regarding the nature of those rights.

The fourth prong, prong (d), of the Government's proposed definition addresses the jurisdictional limitation upon claims imposed by 26 U.S.C. § 6511 (that a claim for refund must be filed within two years of the date that the tax is paid) and also limits class members to those persons who filed a claim for refund of FICA taxes upon the ground that the buy-out payment received was in exchange for a property right or the right to continued employment. Plaintiffs contend that the Government's two-year limitation should be rejected because § 6511 allows a taxpayer to file a claim within three years from the time the return was filed. Plaintiffs contend that the three-year period applies in this case because they all filed tax returns.

The pertinent language provides:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a). With regard to the three-year limitation, the key language is "any tax . . . in respect of which the taxpayer is required to file a return." This language makes clear that in order for the three-year limitation to apply, the taxpayer must be required to file a tax return for the type of tax at issue. *See Amoco Prod. Co. v. Newton Sheep Co.*, 85 F.3d 1464, 1470 (10th Cir.1996) ("As crude oil producers, the Newtons were not required to file a tax return with respect to the windfall profit taxes withheld by the purchaser, Amoco.") While Plaintiffs may have filed income tax returns, the Court has not located any statute imposing a requirement upon employees, such as Plaintiffs, to file employment tax returns, and Plaintiffs have neither alleged nor shown that they have filed employment tax returns. Therefore, the two-year period of limitation is the appropriate period in this case. In addition, the Court concludes that the remaining language in the fourth prong properly limits class membership with reference to the grounds asserted for the refund.

■ The final prong of the Government's proposed definition addresses the limitation imposed by 26 U.S.C. §§ 6532 and 7422 requiring denial of, or a period of inaction on, the taxpayer's administrative claim by the Internal Revenue Service as a condition to filing suit. Section 6532 states in part:

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a). Pursuant to this statute, a taxpayer may not file suit for a refund until the IRS has had six months to either allow or disallow the claim for refund, unless the IRS makes a decision within that time. *Mich. v. United States*, 40 F.3d 817, 822 (6th Cir.1994). If the IRS disallows the claim for refund, the taxpayer must file suit within two years of the denial. The Government's proposed class definition would limit the class to those individuals meeting the requirements of § 6532(a), i.e., either a formal denial or an administrative claim pending for more than six months. Plaintiffs object to this part of the Government's definition because it would exclude taxpayers whose claims have been disallowed after the instant suit was filed. However, as the Government properly notes, § 6532 sets forth jurisdictional prerequisites that must be met prior to filing suit. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990). A taxpayer whose claim had neither been denied nor pending for at least six months at the time suit was filed would not be entitled to file suit. Such taxpayers could not properly be included in the class in this case. Plaintiffs' proposed language would thus impermissibly expand the class definition. Therefore,

**IT IS HEREBY ORDERED** that the United States' Motion to Alter or Amend Definition of the Class (docket no. 23) is **GRANTED**. The class definition set forth in the Court's June 18, 2003, Order is revised as follows:

all individuals: a) formerly employed by public school districts in Michigan or public colleges, universities, or community colleges in Michigan; b) residing in the Western District of Michigan on November 21, 2002; c) who received from their former employer a payment pursuant to an Early Retirement Incentive Plan or comparable plan (collectively, the "buy-out payments"); d) who applied to the Internal Revenue Service for a refund of the portion of any payment to the IRS made within two years of the filing of the claim for refund that constituted a payment of taxes under the

Federal Insurance Contribution Act upon the buy-out payments on the grounds that the buy-out plan payment was in exchange for a property right or the right to continued employment absent just cause; and e) whose claim for refund had been refused no more than two years prior to November 21, 2002, or had been pending without any action taken by the IRS for six months as of November 21, 2002.

**IT IS FURTHER ORDERED** that Plaintiffs' proposed notice to class members, filed July 8, 2003, shall be revised to reflect the new class definition. The Government shall have fourteen (14) days from the date of this Order to file any objections to the proposed notice. If no objections are received by that time, the Government will be deemed to have consented to the notice, and Plaintiffs' counsel shall serve the notice in the manner specified in Plaintiffs' proposed notice.